IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  CIV-07-799-D |
| | ) |
| VALLEY INSURANCE COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **O R D E R**

Before the Court is Defendant Valley Insurance Company's Motion for Summary Judgment [Doc. No. 38], filed pursuant to Fed. R. Civ. P. 56 to obtain a judgment as a matter of law on Plaintiff's Complaint.  Plaintiff has responded in opposition to the Motion, which is at issue.

In this diversity case governed by Oklahoma law, Plaintiff asserts contract and tort claims arising from an insured loss regarding a motor vehicle.  The vehicle was reported stolen on August 6, 2006, and later recovered in Mexico.  To date, Defendant has neither denied nor paid Plaintiff's insurance claim; the parties disagree on the extent of damage to the vehicle.  Plaintiff contends Defendant has unreasonably failed to pay his claim and otherwise acted in bad faith in handling the claim.  Defendant contends that Plaintiff and his former counsel caused some of the delay and prevented adjustment of the loss before the lawsuit was filed.  Some delay also occurred while the claim was referred to Defendant's Special Investigation Unit ("SIU") for investigation of possible fraud.

By the Motion, Defendant seeks determinations as a matter of law:  (1) that Plaintiff lacks sufficient evidence to establish bad faith conduct because, although mistakes were made, Defendant handled Plaintiff's insurance claim appropriately based on the information available at the time;

(2) that the facts and evidence do not warrant an award of punitive damages; and (3) that Defendant has not breached the insurance contract.  Upon consideration of the summary judgment record and the applicable law, the Court finds Defendant's arguments in support of its Motion are untenable. Genuine disputes of material facts preclude summary judgment under Rule 56 as to all issues.  *See* Fed. R. Civ. P. 56(c).

First, as to a breach of contract, no determination can be made on the record presented that Plaintiff has received all that is due under the insurance policy.  Defendant concedes that Plaintiff's insurance claim remains unresolved because of a dispute concerning the amount of Plaintiff's loss. Although Defendant's evidence shows the vehicle was in good condition when it was recovered in Mexico, Plaintiff has presented testimony of the person who transported the vehicle to Oklahoma that it was in poor condition and inoperable upon its return.  In short, the Court cannot accept Defendant's apparent position that it has no payment obligation because the extent of damage to the vehicle was less than the policy deductible.

Similarly, as to bad faith conduct, the record does not support Defendant's contention that "[t]he uncontested facts demonstrate that this claim was fairly adjusted."  *See* Def.'s Br. [Doc. No. 41] at 1.  Viewing the facts and evidence in the light most favorable to Plaintiff, as required by Rule 56,[1] a jury could reasonably find that Defendant failed to act reasonably in the investigation of Plaintiff's insurance claim and unreasonably delayed payment to Plaintiff for his loss.[2]  Notably, although Defendant conducted an SIU investigation of Plaintiff's claim that reached no finding of

---

[1] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

[2] "[T]he minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer."  Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1094 (Okla. 2005).  A breach of the duty of good faith "may be shown without proving conduct on the part of the insurer that was intended to harm, injure or deceive its insured."  Id. at 1094 n.6.

2

fraud, Defendant persists in arguing these unsubstantiated allegations in its summary judgment brief. *See* Def.'s Br. [Doc. No. 41] at 27-28 ("Despite the strong suggestive evidence that Plaintiff may have been complicit in engineering this theft, [Defendant] has not denied the claim."). Moreover, Plaintiff has identified sufficient facts and evidence to raise a genuine issue as to the reasonableness of Defendant's conduct in adjusting the claim, which remains unpaid almost three years later.

Finally, as to punitive damages, the Court finds Plaintiff's showing to be sufficient, although barely, to preclude a determination as a matter of law on the record presented that such damages are not recoverable. "[T]he availability of punitive damages in a case by an insured against his/her insurer for breach of the implied duty of good faith and fair dealing is not automatic, but rather is governed by the standard applicable in other tort cases." *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005). "Under [Okla. Stat. tit. 23,] § 9.1, for punitive damages to be allowed there must be evidence, at a minimum, of reckless disregard toward another's rights from which malice and evil intent may be inferred." *Id.* (emphasis omitted). Further, the requisite burden of proof is "clear and convincing evidence." *See* Okla. Stat. tit. 23, § 9.1(B)-(C).

Viewing the summary judgment record in the light most favorable to Plaintiff under this standard, the Court cannot say that no reasonable jury could find Defendant acted with reckless disregard for Plaintiff's right to fair adjustment of his insurance claim. Throughout the adjustment process, Defendant persisted in relying on an initial report of the vehicle's condition when it was recovered and assumed any contrary allegation or evidence was indicative of fraud on Plaintiff's part, even though an allegation of fraud in Plaintiff's theft claim was unsubstantiated by Defendant's own SIU investigation. Further, despite evidence that Plaintiff's former attorney contributed to some delay in Defendant's investigation of the claim, there is no evidence the attorney interfered with a timely adjustment of the loss, which remains incomplete. In short, the Court finds that

Plaintiff has sufficiently demonstrated a genuine dispute of facts relevant to the issue of punitive damages.

IT IS THEREFORE ORDERED that Defendant Valley Insurance Company's Motion for Summary Judgment [Doc. No. 38] is DENIED.

IT IS SO ORDERED this 12th day of June, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE