IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-799-D |
| ) | |
| VALLEY INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion for Partial Summary Judgment [Doc. No. 39], filed pursuant to Fed. R. Civ. P. 56 to obtain a judgment as a matter of law on his breach of contract claim. Defendant has responded in opposition to the Motion, which is at issue.

In this diversity case, Plaintiff asserts contract and tort claims under Oklahoma law arising from an insured loss of a motor vehicle. The vehicle was stolen on August 6, 2006, and later recovered in Mexico. Defendant has neither denied nor paid Plaintiff's insurance claim; the parties disagree on the extent of damage to the vehicle. Plaintiff contends Defendant has unreasonably failed to pay his claim and otherwise acted in bad faith in handling the claim. Defendant contends that Plaintiff and his former counsel caused some of the delay and prevented adjustment of the loss.

By his Motion, Plaintiff seeks a determination that Defendant breached the insurance contract by not processing his insurance claim within the time limits prescribed by the Unfair Claims Settlement Practices Act, Okla. Stat. tit. 36, § 1250.1-.16. Specifically, Plaintiff contends Defendant was statutorily required to accept or deny the claim within 45 days after receiving Plaintiff's proof of loss and to complete any investigation within 60 days. *See id.* § 1250.7(A), (C). Plaintiff argues that Defendant's failure to comply with the statute constitutes a breach of the insurance contract and

that Plaintiff is therefore entitled to the full amount of his claim, plus interest and attorney's fees. Defendant responds that Plaintiff's arguments are contrary to the statute, which simply guides the insurance commissioner in the investigation of administrative complaints and, further, specifically provides that the time limits do not apply if a lawsuit is filed. *See id*. § 1250.7(G).

Research reveals that the Oklahoma Supreme Court has held the Unfair Claims Settlement Practices Act "does not provide for a private right of action." *Walker v. Chouteau Lime Co*., 849 P.2d 1085, 1086 (Okla. 1993).[1] In so holding, the court concluded that a private remedy was not consistent with the general scheme of the Act, which serves "to prevent unfair business practices" and authorizes the insurance commissioner to regulate insurers' conduct. *Id*. at 1087. Following *Walker*, the Tenth Circuit has rejected the argument that, because existing law is part of every contract, a violation of the Act may be asserted under a contractual theory. *See Council Oaks Learning Campus, Inc. v. Farmington Cas. Co*., No. 99-5122, 2000 WL 376623, *3-4 (10th Cir. April 13, 2000). Although this unpublished decision of the Tenth Circuit concerning a matter of state law is not binding precedent, the Court finds it to be persuasive.[2] The Court concludes that the Oklahoma Supreme Court would not permit a contractual recovery for an alleged violation of the Act because "the Act does not provide a private remedy." *Walker*, 849 P.2d at 1087; *see also McWhirter v. Fire Ins. Exchange, Inc*., 878 P.2d 1056, 1058 (Okla. 1994).

---

[1] At the time *Walker* was decided, the Act was codified as Okla. Stat. tit. 36, § 1221-28. It was later renumbered, but the provisions on which the Oklahoma Supreme Court relied in its decision are substantively unchanged.

[2] Federal courts "must determine issues of state law as we believe the highest state court would decide them. . . . [W]e may rely on federal district court cases interpreting the law of the state in question, and [the Tenth Circuit's] unpublished cases which are persuasive or otherwise provide guidance based on their reasoned analyses on like issues." *May v. Travelers Prop. Cas. Co*., 263 F. App'x 673, 680-681 (10th Cir. 2008) (internal quotations and citations omitted).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 39] is DENIED.

IT IS SO ORDERED this 12th day of June, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE