IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE MORGAN, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>VALLEY INSURANCE COMPANY, *et al.*, )<br>)<br>        Defendants. ) | Case No. CIV-07-799-D |

## **O R D E R**

Before the Court is Defendant's Motion for Judgment on the Pleadings or, in the Alternative, for a Ruling in Limine [Doc. No. 87]. The Motion is denied as an untimely-filed dispositive motion, without need for a response by Plaintiff.

This case is set for trial on the Court's November 9, 2009, jury trial docket. Defendant filed the Motion, which invokes Rules 12(c), 12(h)(3), and 12(i), Fed. R. Civ. P., late Friday, October 30, 2009. The Motion seeks a pretrial determination of Plaintiff's claims against all defendants except Valley Insurance Company, which Defendants agree to stipulate is the entity that issued the insurance policy in suit.[1] Defendants argue, among other things, that Plaintiff lacks standing to assert claims against defendants other than Valley Insurance Company. Defendants assert that the issue of constitutional standing implicates the Court's subject matter jurisdiction and, therefore, may be raised at any time.

Under the case schedule, dispositive motions were due by September 3, 2008. On that date, both Plaintiff and Defendant Valley Insurance Company filed motions for summary judgment, which were decided by separate orders issued June 12, 2009. The other named defendants filed no

---

[1] Defendants rely on a Final Pretrial Report that contained such a stipulation but that was rejected by the Court.

summary judgment motions. Now, on the eve of trial, these defendants seek to resolve Plaintiff's claims against them by casting their Motion as one challenging the Court's subject matter jurisdiction. In this way, Defendants attempt to bring the Motion within the well-established rule that an issue of subject matter jurisdiction may be raised at any time. The attempt is misguided.

"To establish Article III standing, the plaintiff must show injury in fact, a causal relationship between the injury and the defendants' challenged acts, and a likelihood that a favorable decision will redress the injury." *PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004). Plaintiff plainly alleges in his operative pleading that he had an insurance policy with "Defendants" and that "Defendants" engaged in conduct that allegedly constituted a breach of contract and a breach of the duty of good faith and fair dealing, causing alleged injuries. *See* Am. Compl. [Doc. No. 18]. By their Motion, Defendants challenge whether any party other than Valley Insurance Company can be held liable on the policy or liable for any bad faith conduct that occurred. The Motion thus raises a factual challenge to Plaintiff's claims against other, related corporate defendants.

Addressing Defendants' Motion as a jurisdictional one, the law in this circuit is well-established that a motion raising a factual challenge to subject matter jurisdiction must be converted to a Rule 56 motion "[i]f the jurisdictional question is intertwined with the merits of the case." *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987); *see also Paper, Allied-Industrial, Chemical & Energy Workers Int'l Untion v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). "'[T]he underlying issue [in determining whether the jurisdictional question is intertwined with the merits] is whether resolution of the jurisdictional question requires resolution of an aspect

of the substantive claim.'" *Id* (quoting *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir.2000). Regardless how Defendants attempt to phrase the issue, their Motion plainly would require the Court to resolve an aspect of Plaintiff's substantive claims and would be governed by summary judgment standards under Rule 56. The time for filing such a motion expired long ago.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings or, in the Alternative, for a Ruling in Limine [Doc. No. 87] is DENIED.

IT IS SO ORDERED this 3rd day of November, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE