IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-799-D |
| | ) |
| VALLEY INSURANCE COMPANY, *et al*., | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

The matters before the Court are Plaintiff's Motions in Limine [Doc. No. 66] and Defendant Valley Insurance Company's Motion in Limine [Doc. No. 74], which are at issue.[1]

**A.     Plaintiff's Motions in Limine**

Plaintiff seeks to exclude evidence and argument in three subject areas: (1) Plaintiff's plea of guilty to a felony alcohol-related traffic offense and receipt of a deferred sentence during the pendency of this case; (2) an insurance application Plaintiff signed on April 26, 2006, that contained an incomplete list of prior traffic tickets or accidents; and (3) Plaintiff's refusal of a request by Defendant – communicated between counsel for the parties during the pendency of this case – to participate in an appraisal process available under the insurance policy.

---

[1] Because only Defendant Valley Insurance Company has moved or responded to Plaintiff's Motion, all references to "Defendant" in this Order shall mean Valley Insurance Company.

### 1.     Plaintiff's Felony Offense

Plaintiff was arrested on November 13, 2007, for being in actual physical control of a motor vehicle while intoxicated.  Plaintiff entered a plea of guilty to the felony charge on October 22, 2008, and received a five-year deferred sentence.  Plaintiff asserts that a deferred sentence is not a felony conviction under Oklahoma law and thus evidence of the guilty plea is not proper impeachment evidence under Fed. R. Evid. 609.  Plaintiff also asserts that evidence of this arrest and guilty plea are irrelevant to the trial issues and would be unduly prejudicial, and thus should be excluded under Fed. R. Evid. 402 and 403.

Defendant responds that Plaintiff's November, 2007, felony arrest and prosecution "and a number of his other past criminal offenses" are relevant to damages issues.  Defendant's theory of admissibility is that evidence of Plaintiff's criminal history diminishes his standing in the community and undermines his claim to have suffered embarrassment or loss of reputation in the community as a result of Defendant's alleged bad faith conduct.  Defendant further contends this "bad acts" evidence is governed by Fed. R. Evid. 404(b).  *See* Def.'s Resp. Br. [Doc. No. 82] at 2. Applying this rule, Defendant argues that the evidence is admissible for a proper purpose, namely, "to show that any public humiliation, embarrassment, loss of reputation and mental pain and suffering was caused, or at least exacerbated, by Plaintiff's public behavior and . . . was not solely caused, if at all, by dealing with his insurance company on this claim." *Id*. at 3.

The Court rejects Defendant's theory of admissibility under Rule 404(b).  The only criminal offenses reflected in the record are Plaintiff's November, 2007, felony and minor traffic offenses that predate the events at issue in this case.  Defendant fails to explain, and the Court cannot ascertain, how Plaintiff's earlier offenses would have any impact on his alleged damages.  Further,

under the circumstances, the Court finds that evidence of Plaintiff's felony offense should be excluded as well. Any probative value of the evidence on the issue of Plaintiff's damages is far outweighed by the likelihood of unfair prejudice to Plaintiff, rendering the evidence inadmissible under Rule 403. To the extent Defendant argues for admissibility under Rule 404(b), the Court finds Defendant's proposed use of this evidence would not serve a proper purpose under that rule.[2] *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988) (discussing admissibility of Rule 404(b) evidence in a civil case); *Turley v. State Farm Mut. Auto. Ins. Co.*, 944 F.2d 669, 675 (10th Cir. 1991) (same).

Defendant does not address the admissibility of Plaintiff's felony guilty plea for impeachment purposes under Rule 609. The Court notes, however, that evidentiary matters in federal court are governed by federal, and not state, law. The court of appeals held in *United States v. Turner*, 497 F.2d 406, 407 (10th Cir. 1974), that a guilty plea and deferred judgment under Okla. Stat. tit. 22, § 991c, could be treated as a conviction under federal law and used for impeachment purposes, even though it was not a "conviction" under Oklahoma law. The court of appeals subsequently declined to decide whether *Turner*, which predated the effective date of modern rules of evidence, was controlling in cases decided under current rules. *See United States v. Sutton*, No. 96-5189, 1998 WL 67318 (10th Cir. Feb. 18, 1998). Assuming the continued validity of *Turner*, Rule 609 presently provides that evidence of a felony conviction is admissible to impeach a witness, "subject to Rule 403." *See* Fed. R. Evid. 609(a)(1). The Court finds the probative value of admitting evidence of Plaintiff's felony conviction to impeach his credibility as a witness is

---

[2] Evidence of crimes or wrongs is admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See* Fed. R. Evid. 404(b).

substantially outweighed by the danger of unfair prejudice. Therefore, the Court finds that evidence of Plaintiff's guilty plea is also inadmissible as impeachment evidence.

For these reasons, the Courts finds that Plaintiff's Motion concerning his 2008 felony conviction should be granted.

### 2.     Plaintiff's Application for Insurance

An insurance application signed by Plaintiff on April 26, 2006, in connection with the auto insurance policy at issue, contained an incomplete list of his prior traffic tickets and accidents. In issuing the policy, a search of Plaintiff's driving record revealed additional information, and on May 2, 2006, Plaintiff was notified that a higher premium would apply. Plaintiff paid the increased premium for his insurance coverage.

Plaintiff asserts that any discrepancy between the application and his actual driving record is the fault of the insurance agent who completed the form and that the discrepancy has no bearing on his credibility or any trial issue. Plaintiff contends Defendant lacks any factual basis to allege that he intentionally omitted any information from the application, and he argues that any omission did not affect his insurance coverage or the processing of his claim of loss.

Defendant does not argue in response to Plaintiff's Motion that the application is relevant to Plaintiff's credibility as a witness or any issue to be raised by Defendant. Rather, Defendant contends the application may be used to respond to anticipated issues that Plaintiff may raise at trial.[3] Defendant argues the application shows the basis of Plaintiff's premiums and thus is relevant

---

[3] Defendant argues: "It is anticipated that Plaintiff intends to make an issue of the fact that Plaintiff paid a substantial monthly premium through automatic withdrawal and when that premium wasn't paid, a cancellation notice was received." *See* Def.'s Resp. Br. [Doc. No. 82] at 4.

"[t]o the extent Plaintiff intends to make an issue regarding the premium paid." *See* Def.'s Resp. Br. [Doc. No. 82] at 4.

On the present record, the Court cannot assess Defendant's theory of admissibility of Plaintiff's application for insurance. However, because Defendant does not address the issue raised by Plaintiff or suggest any factual basis to contend that an omission from the application is evidence of a false statement or untruthfulness by Plaintiff, the Court grants Plaintiff's Motion to the extent of ruling that Defendant may not use the insurance application for impeachment purposes at trial without first providing advance notice to Plaintiff and the Court outside the presence of the jury.

### 3.   Defendant's Request for Appraisal

Plaintiff seeks to exclude evidence that Defendant stated through communications from its counsel of record, Stefan Wenzel, to Plaintiff's counsel of record, Jeremy Carter, in April, 2008, and September, 2008, that Defendant was invoking the appraisal provision of the policy. This provision allows a dispute regarding the amount of a loss to be resolved by means of an appraisal procedure. Plaintiff contends that his failure, through counsel, to respond to this request should be excluded as irrelevant, unduly prejudicial, and confusing to the jury, pursuant to Rule 402 and 403. Plaintiff argues that it would be unfair to permit defense counsel to question him about a failure to respond to a demand for appraisal when he will be unable to offer rebuttal evidence; he can neither call defense counsel as a witness to be questioned about the request nor call his attorney as a witness to explain the lack of a response.

Defendant contends that evidence regarding its request for appraisal is relevant and necessary to respond to Plaintiff's anticipated evidence, discussed below, that Defendant continued to engage in bad faith conduct after the lawsuit was filed. As the Court understands Defendant's position, it

argues that either no post-litigation conduct is admissible or all post-litigation efforts to settle the claim are admissible. The Court disagrees, as discussed further below.

With regard solely to Plaintiff's Motion, the Court agrees that Defendant may not introduce evidence that its counsel made a request for appraisal. First, the Court is unclear how Defendant could lay a proper foundation for such evidence without utilizing counsel as a witness; it does not appear that anyone other than Mr. Carter and Mr. Wenzel were parties to those communications.[4] Assuming Plaintiff could respond to questions about such a request, the relevance of any such questions would be substantially outweighed by the risk of unfair prejudice and misleading the jury because Plaintiff would be unable to rebut such evidence.

Therefore, the Court finds evidence that Defendant, through counsel, attempted to invoke the appraisal provision of the policy in 2008 should be excluded under Rule 403.

**B.     Defendant's Motion in Limine**

Defendant seeks to exclude evidence and argument in two subject areas: (1) Defendant's post-litigation conduct and claim handling; and (2) references to Special Investigation Unit (SIU) files regarding other insureds.

   **1.     Defendant's Post-Litigation Claim Handling**

Defendant argues with regard to post-litigation conduct that permitting Plaintiff to introduce such evidence would improperly and unfairly penalize Defendant for its policy regarding litigated claims and for delay inherent in litigation. Defendant's argument is that, once a lawsuit is filed, a

---

[4] Further, according to the Final Pretrial Report, both attorneys will appear as trial counsel, and thus they cannot ethically be trial witnesses. Under Rule 3.7 of the Oklahoma Rules of Professional Conduct, which this Court has adopted: "A lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness," except in limited circumstances. *See* Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 3.7(a).

claim must be handled by counsel and further investigation and evaluation becomes part of the litigation process, subject to rules of procedure, discovery, and evidence.  Defendant cites *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105 (Okla. 1991), for the proposition that the focus of a bad faith claim is the time period that a claim is being reviewed, and *Timberlake Construction Co. v. U.S. Fidelity & Guaranty Co.*, 71 F.3d 335 (10th Cir. 1995), for the proposition that an insurer's litigation activities should rarely, if ever, be admissible on the issue of bad faith.  Defendant asserts that all evidence of its post-litigation conduct regarding Plaintiff's claim is irrelevant and inadmissible under Rules 403 and 408, which governs evidence of compromise negotiations.

Plaintiff contends the case authorities cited by Defendant are inapposite under the facts of this case.  Plaintiff argues that his insurance claim has never been denied but, according to defense witnesses, remains open and under review.  Plaintiff further argues that, unlike *Timberlake*, he is not seeking to introduce evidence of litigation activities by defense counsel but only continuing conduct by Defendant that generated no payment for Plaintiff's loss until May, 2009, almost three years after the theft, and has left his claim unresolved.

Upon consideration of the cited cases and review of the Final Pretrial Report, the Court finds itself unable to draw the bright-line rule sought by Defendant, barring admission of all evidence regarding post-litigation conduct.  The conduct at issue in *Timberlake* was litigation conduct of insurance counsel, namely, disparaging remarks in a letter to the insurance adjuster, the filing of a counterclaim ,and a motion to join a third party.  No such litigation activities are at issue in this case. Here, the parties plainly agree that some post-litigation facts, such as  Defendant's payments for the value of Plaintiff's truck in May, 2009, are relevant and evidence of these facts is admissible. Plaintiff states that the payments and the valuation process that generated them were not part of any litigation process or settlement negotiations.  Further, from the limited information provided in the

Final Pretrial Report concerning Defendant's exhibits, most of them post-date the filing of this lawsuit. Setting aside the problem of how Defendant will lay a foundation for exhibits that consist of correspondence between counsel, discussed above, Defendant should not be allowed to rely on post-litigation events to demonstrate its effort to comply with the policy and the pay the claim while denying Plaintiff any opportunity to argue that Defendant's effort was unreasonable and insufficient. It would seem that Defendant's policy regarding claim handling or adjustment after a lawsuit is filed may be explained to the jury in the same manner as other claims handling policies or practices.

Activities of Defendant in the nature of the continuation of claim evaluation, processing, and payment or non-payment – post litigation – will be generally deemed admissible. However, the Court finds itself unable to rule categorically in advance of trial that all post-litigation conduct is inadmissible. Defendant's objections based on principles of relevance, undue prejudice, and offers of compromise should be asserted at trial as appropriate to particular testimony or items of evidence.

**2.     Defendant's Other SIU Files**

During discovery in this case, the Court ordered Defendant to produce "[t]he entire contents of the claim files and SIU files (if not contained within the claim files) for all auto theft claims that were investigated by the Dallas SIU during 2006." *See* Order 7/2/08 [Doc. No. 31]. The parties indicate in their briefs that this Order yielded 78 files that Plaintiff will utilize at trial as evidence of Defendant's alleged practice of making unwarranted referrals of claims for SIU investigation, thus unreasonably delaying the adjustment of such claims. These 78 files represent approximately 12% of the auto theft claims handled by the Dallas office in 2006. Defendant argues that this number is insufficient to establish a pattern of SIU referrals and that the facts of other SIU files are sufficiently dissimilar to render them of "marginal relevance" and their admission unduly


prejudicial. Defendant appears to seek the exclusion of all evidence regarding other SIU files under Rules 403 and 404(b).

Plaintiff contends these 78 files are relevant to show Defendant routinely failed to follow its own internal guidelines for making SIU referrals and acted recklessly with regard to the impact of such referrals on insureds. Plaintiff argues that the evidence will show Defendant failed to train its claims adjusters regarding appropriate SIU indicators and permitted claims processing to be unnecessarily delayed through inappropriate referrals.

On the present record, the Court cannot determine that Plaintiff's evidence regarding Defendant's other SIU referrals is inadmissible. Assuming the evidence shows, as argued by Plaintiff, that his SIU referral and "over 2/3" of other referrals were contrary to Defendant's established guidelines, the Court concludes that evidence of other SIU referrals is relevant to prove unreasonable conduct by Defendant with regard to investigating and adjusting auto theft claims. Further, Defendant has not persuaded the Court that this evidence should be excluded under Rule 403 or Rule 404(b). Therefore, at this juncture, Defendant's Motion will be denied without prejudice to a renewed objection during the trial, if appropriate. Defendant may also request a limiting instruction by submitting a proposed jury instruction for consideration by the Court in advance of the presentation of this evidence.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Doc. No. 66] is GRANTED in part as follows:

- Defendant is prohibited from presenting evidence of Plaintiff's 2007 arrest and 2008 guilty plea to a felony offense.

- Defendant is prohibited from utilizing Plaintiff's April, 2006, insurance application for impeachment purposes without first providing advance notice to Plaintiff and the Court outside the presence of the jury.
- Defendant is prohibited from introducing evidence that Defendant, through counsel, attempted to invoke the appraisal provision of the policy in 2008.

IT IS FURTHER ORDERED that Defendant's Motion in Limine [Doc. No. 74] is DENIED as set forth above.

IT IS SO ORDERED this 5th day of November, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE